UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| DARNELL WESLY MOON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15-CV-166-SNLJ |
| GARY STOLZER, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to commence this action without payment of the required filing fee [Doc. 2]. After reviewing plaintiff's financial information, the Court will grant the motion. Additionally, the Court will order plaintiff to file an amended complaint.

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the

purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiff, formerly an inmate at the Saint Genevieve County Jail ("the Jail"), seeks monetary, declaratory, and injunctive relief in this action against the Jail and twenty-one employees of the Jail. Plaintiff states that he bringing this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a). In addition, plaintiff states that he is asserting a pendent state claim for the intentional infliction of emotional distress.

As set forth in the complaint [Doc. 1], plaintiff's allegations arise out of numerous different occurrences that took place during his two-and-a-half-month incarceration at the Jail in 2014. For example, plaintiff alleges that he failed to receive proper accommodations for his Muslim faith. He complains he was not given a Holy Qur'an in Arabic, a prayer rug, halal foods, and Islamic reading materials. Indeed, his First Amendment claims seem to be the gravamen of the complaint; however, in addition, he complains that he was denied access to "an electronic law library" at the Jail. On another occasion, plaintiff states he was

2

strip-searched and sexually harassed. Plaintiff also had problems with the mail policies at the Jail. Furthermore, plaintiff alleges that the Jail was overcrowded, and the conditions of his confinement at the Jail were unsanitary and unconstitutional. Plaintiff sets forth a plethora of claims relative to how his clothes were improperly washed to mold in the cells to the nutritional content of his meals and the purity of his drinking water. These numerous claims bear no relationship to each other and are improperly joined in this action.

## Discussion

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The instant action, however, presents a case involving a myriad of unrelated claims against, not one, but twenty-two defendants. Such pleading practices are not allowed. Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

3

transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against different defendants, relating to events arising out of a series of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file an amended complaint in this action. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed.R.Civ.P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed.R.Civ.P. 18(a).

Moreover, plaintiff is advised that all claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's

4

claims. **As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint, supplement, and all previously-filed pleadings, and therefore, he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims and/or parties from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id*. **Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews.** *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **If plaintiff wishes to sue defendants in a particular capacity, plaintiff must specifically say so in the amended complaint.**

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting

his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. **Plaintiff is instructed not to attach any exhibits to the amended complaint.**

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. Plaintiff may not assert claims on behalf of other inmates at the Jail. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.

Last, if plaintiff wishes to pursue additional claims against additional defendants, and the claims to not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim(s)

on a separate complaint form and either pay the entire filing fee or file a motion for leave to proceed in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a blank form for the filing of a non-prisoner complaint. Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED** that, if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 6th day of October, 2015.

_____
**UNITED STATES DISTRICT JUDGE**